**Varduhi MKRTCHYAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–70147.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 16, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Asbet A. Issakhanian, Esquire, Law Offices of Asbet A. Issakhanian, Glendale, CA, for Petitioner.

Oil, Rosanne M. Perry, Esquire, Mary Jane Candaux, Esquire, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Varduhi Mkrtchyan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Sidhu v. INS*, 220 F.3d 1085, 1088 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on Mkrtchyan's omission from her asylum application that she was knocked unconscious during the 1997 attack, *see Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir.2007), as well as the discrepancies between Mkrtchyan's testimony and documentary evidence regarding the length of her hospitalization and the cause of her husband's death, *see Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir.2007) (inconsistencies between testimony and documentary evidence support an adverse credibility finding where inconsistencies go to the heart of the claim). The IJ reasonably found Mkrtchyan's explanations for the omission and discrepancies unconvincing. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir.2007). In the absence of credible testimony, Mkrtchyan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Mkrtchyan's CAT claim is based on the same testimony the IJ found

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to be not credible, and Mkrtchyan points to no other evidence the agency should have considered, her CAT claim fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**